1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| RAJNINDER RAVEN JUTLA, et al.,<br>Plaintiffs,<br>v.<br>REDFIN CORPORATION, et al.,<br>Defendants. | CASE NO. C24-0464-KKE<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO STAY |
|---|---|

Plaintiffs sued Redfin Corporation ("Redfin" or "Defendant") and John Does 1-10 for anticompetitive and fraudulent conduct arising from the commissions Plaintiffs paid to realtors as part of the sale of their property and purchase of another property. Defendant Redfin moved to stay this case for 60 days pending the nationwide settlement in a class action raising similar claims. Because the Court finds the balance of hardships to the parties and orderly course of justice favor a stay, the motion is granted.

## I. BACKGROUND

On April 1, 2024, Plaintiffs filed this complaint in the Eastern District of California alleging four causes of action: violation of Section One of the Sherman Act (15 U.S.C. § 1), violation of the Cartwright Act (Cal. Bus. & Profs. Code § 16720), violation of unfair competition (Cal. Bus. & Profs. Code § 17200), and misrepresentation. Dkt. No. 10. Plaintiffs' complaint arises from the sale of their Washington property in May 2023 and their purchase of a California

ORDER GRANTING DEFENDANT'S MOTION TO STAY - 1

property, both transactions where they were represented by a Redfin agent. *Id.* ¶ 3.  Plaintiffs allege Redfin, as a member of the National Association of Realtors, Washington Association of Realtors, and California Association of Realtors, required its agents to abide by anticompetitive rules, including "requir[ing] home sellers to make a blanket, non-negotiable offer of buyer's broker's commission as a condition of listing the property on the Multiple Listing Service" (*id.* ¶ 6) and "requir[ing] that all offers be expressed as a percentage of total sale or a dollar value and the prohibition on invitations to negotiate" (*id.* ¶ 8).  Plaintiffs allege through these rules and collusion between agents they were duped into paying unearned commissions for both transactions in excess of $100,000.  *Id.* ¶ 52.

On April 4, 2024, United States Magistrate Judge Allison Claire transferred the matter to this Court "[b]ecause defendant is in the Western District of Washington and the complaint is centered on properties located and transactions occurring within the Western District of Washington[.]"  Dkt. No. 3 at 2.

On May 30, 2024, Redfin moved to stay the case for 60 days citing the pending nationwide settlement in *Gibson et al. v. National Association of Realtors, et al.*, No. 23-cv-788-SRB ("*Gibson*").  Dkt. No. 17.  Plaintiffs did not respond.  *See* Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").  The matter is ripe for the Court's consideration.

## II.  ANALYSIS

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' complaint arises under federal law, specifically the Sherman Act, 15 U.S.C. § 1.

A district court has discretionary power to stay proceedings before it.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort

ORDER GRANTING DEFENDANT'S MOTION TO STAY - 2

1   for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Economy

2   of time and effort is best accomplished by the "exercise of judgment, which must weigh competing

3   interests and maintain an even balance." *Id*. at 254–55.

4          When considering a motion to stay, the court weighs a series of competing interests:

5              [1] the possible damage that may result from the granting of the stay, [2]
               the hardship or inequity which a party may suffer in being required to go
6              forward, and [3] the orderly course of justice measured in terms of the
               simplification or complication of issues, proof, and questions of law that
7              could be expected to result from a stay.

8   *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see*

9   *also Lockyer*, 398 F.3d at 1109–10.

10         Here, all three interests favor granting the motion to stay.  First, because Plaintiffs do not

11  allege ongoing harm by Redfin, only damages from past transactions, Plaintiffs will not be

12  damaged by a stay.  The proposed stay also comes at the beginning of this matter and is limited in

13  time.  Second, there is potential overlap between the *Gibson* settlement and this case.  That case

14  raises the same allegations of collusion and anti-competitive behavior that Plaintiffs allege here

15  (*see* Dkt. No. 17 at 9–102) and the *Gibson* parties "have reached an agreement in principle to settle

16  all claims asserted against Redfin in this action as part of a proposed nationwide class settlement"

17  (*id.* at 105).  If this stay is not granted, Redfin may be forced to defend a case that is barred or

18  substantively narrowed by the *Gibson* settlement.  *See Pearson v. Wells Fargo, N.A.*, No. C14-

19  0521JLR, 2014 WL 2452802, at *4 (W.D. Wash. June 2, 2014).  Third, if this case were to continue

20  despite the uncertainty of the substance of the *Gibson* settlement, the litigation may be

21  unnecessarily complicated or waste judicial resources.  *Id.*  Accordingly, a stay is warranted here.

22

23

24

ORDER GRANTING DEFENDANT'S MOTION TO STAY - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

### III.   CONCLUSION

The Court GRANTS Defendant's motion to stay.  Dkt. No. 17.  This matter is stayed for

60 days.  Defendant's response under Federal Rule of Civil Procedure 12 is due August 23, 2024.

Dated this 24th day of June, 2024.

_____
Kymberly K. Evanson
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO STAY - 4