UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAJNINDER RAVEN JUTLA, et al.,<br>            Plaintiffs,<br>      v.<br><br>REDFIN CORPORATION, et al.,<br>            Defendants. | CASE NO. C24-0464-KKE<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXTEND STAY |

This matter comes before the Court on Defendant's motion to extend the stay. Plaintiffs sued Redfin Corporation ("Redfin" or "Defendant") and John Does 1–10, alleging anti-competitive and fraudulent conduct stemming from commissions Plaintiffs paid to realtors for the sale of their Washington property and purchase of a California property. On May 30, 2024, Redfin moved to stay this case for 60 days pending the nationwide settlement in a class action involving similar claims. Dkt. No. 17. The Court granted Redfin's motion on June 24, 2024. Dkt. No. 20. Redfin now moves to extend the stay until the final approval of the same nationwide settlement. Dkt. No. 23.

As detailed below, the Court concludes that the balance of the equities and the orderly course of justice warrants an extension of the stay. Accordingly, the Court grants Defendant's motion.

//

ORDER GRANTING DEFENDANT'S MOTION TO EXTEND STAY - 1

## I. BACKGROUND

The Court provided a factual and procedural history of this dispute in its June 24, 2024 Order. Dkt. No. 20. In the same Order, the Court stayed this matter for 60 days pending a settlement in *Gibson et al. v. National Association of Realtors, et al.*, No. 23-cv-788-SRB ("*Gibson*"). *Id.* The Court concluded that a limited stay was warranted because *Gibson* "raises the same allegations of collusion and anti-competitive behavior" alleged by Plaintiffs here. *Id.* at 3.

Since June 2024, the *Gibson* case has moved steadily towards finalizing settlement. Redfin perfected the settlement agreement with the *Gibson* plaintiffs, which releases "any and all manner of federal and state claims regardless of the cause of action arising from or relating to conduct that was alleged or could have been alleged . . . including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home." *Gibson*, Dkt. No. 294-1 ¶ 11.

Three weeks after this Court's stay order, the *Gibson* court preliminarily approved the Redfin settlement. *Id.*, Dkt. No. 297. The preliminary approval also defines the settlement class as "[a]ll persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home" between October 31, 2019, and the Class Notice date. *Id.* at 2. The *Gibson* court's order also temporarily enjoins the class members from "filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any claims against Redfin . . . or Released Parties that arise from or relate to . . . commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home" pending a decision on final approval. *Id.* at 8. The *Gibson* court scheduled the final approval hearing for the Redfin settlement on October 31, 2024. *Id.*, Dkt. No. 297 ¶ 16; Dkt. No. 358.

On August 23, 2024, Redfin moved to extend the stay, citing need for the *Gibson* settlement's final approval. Dkt. No. 23. Plaintiffs opposed Redfin's motion two days after their deadline to respond. Dkt. No. 24, Local Rules W.D. Wash. 7(d)(3) ("Any opposition papers shall be filed and received by the moving party no later than 9 days after the filing date of the motion."). Defendant replied on August 23, 2024, to which Plaintiffs filed two additional responses without leave from the Court. Dkt. Nos. 26, 27, 28. In their most recent filings, Plaintiffs requested oral argument on Redfin's motion. Dkt. No. 27. The issue is now ripe for the Court's consideration.

## II.   ANALYSIS

As a preliminary matter, the Court denies Plaintiffs' request for oral argument. Local Rules W.D. Wash. 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument."). District courts may decline oral argument if the parties will not suffer prejudice as a result. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court has reviewed all three of Plaintiffs' responses,[1] and no prejudice will result from adjudicating this matter on the briefs.

Here, the *Gibson* settlement's progress warrants extension of the stay. In considering whether to continue a stay, the court again weighs three competing interests:

> [1] the possible damage that may result from the granting of the stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplification or complication of issues, proof, and questions of law that could be expected to result from a stay.

---

[1] While *pro se* parties are afforded substantial lenience, they must comply with the Local Rules. *Collins v. Quintana*, No. C15-1619RAJ, 2016 WL 337262, *2 (W.D. Wash. Jan. 28, 2016). The Court has discretion to strike untimely and duplicative briefings that fail to do so. *Reule v. H.O. Seiffert Co.*, No. C08-1591MJP, 2009 WL 10725375, at *1 (W.D. Wash. May 11, 2009). Thus, although the Court has reviewed and considered Plaintiffs' multiple untimely responses on the instant motion, additional filings not permitted by the Local Rules will not be accepted.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). All three interests favor extending the operative stay.

First, Plaintiffs will not be harmed from a continuance because once again, Plaintiffs only allege damages arising from past transactions, not ongoing harm. *See* Dkt. No. 24 ¶¶ 3–4, 8–9, 12.

Second, as this Court previously concluded, there is potential overlap between the *Gibson* settlement and this case, such that the *Gibson* decision could substantively impact the proceedings here. Dkt. No. 20. And despite Plaintiffs' disapproval of the *Gibson* settlement's terms, they fail to meaningfully distinguish *Gibson* from this case. Dkt. No. 24 at 2. Indeed, in the complaint, Plaintiffs allege that they sold their Washington property in May 2023—within the timeframe defining the preliminary settlement class. Dkt. No. 10 ¶ 3; *Gibson*, Dkt. No. 297. Therefore, the risk that "Redfin may be forced to defend a case that is barred or substantively narrowed" by *Gibson* remains unchanged. Dkt. No. 20 at 3.

Third, a continued stay will conserve judicial resources as the Court may avoid unnecessarily addressing claims potentially covered by the *Gibson* settlement. As Defendant correctly notes, other courts have recognized the efficiency in staying proceedings related to *Gibson* until the final settlement approval. *See, e.g.*, *Freedlund v. Redfin Corp. et al.*, No. 2:24-cv-01561 (C.D. Cal. Apr. 16, 2024), Dkt. No. 28; *March v. Real Estate Bd. of New York et al.*, No. 1:23-cv-09995-JGLC-RWL (S.D.N.Y. May 17, 2024), Dkt. No. 199; *QJ Team, LLC et al. v. Texas Ass'n of Realtors, Inc. et al.*, No. 4:23-cv-01013-SDJ (E.D. Tex. May 1, 2024), Dkt. No. 205. Plaintiffs provide no reason why the Court should proceed differently here. Thus, continuance of the stay is warranted.

//

//

## III.  CONCLUSION

The Court GRANTS Defendant's motion to extend stay.  Dkt. No. 23.  This matter is stayed until determination of the pending motion for final approval of the settlement in *Gibson*.  The Court further ORDERS the parties to file a joint status report within 10 days of a decision on final approval of the *Gibson* settlement.

Dated this 16th day of September, 2024.

Kymberly K. Evanson
United States District Judge